UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

|  |  |  |
|---|---|---|
| RANDOLPH LAMB, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Cause No. 3:06-CV-70 AS |
| | ) | |
| COMMISSIONER OF THE INDIANA | ) | |
| DEPARTMENT OF CORRECTIONS, | ) | |
| Respondent. | ) | |

OPINION AND ORDER

This case is before the court on petitioner, Randolph Lamb's, motion for injunctive relief. Mr. Lamb's petition for a writ of habeas corpus was dismissed on January 30, 2006 because it was clear from the face of his petition that he was not entitled to relief. Mr. Lamb's motion for injunctive relief seeks an order from the court directing that he not be placed on parole once he is released from prison. For the same reasons, Mr. Lamb's motion for injunctive relief is DENIED. (DE #5.)

In general, a temporary restraining order is designed to preserve the *status quo* for a brief period, usually not more than ten days, until a hearing can be held on a request for a preliminary injunction. 7-Pt.2 Jeremy C. Moore et al., *Moore's Federal Practice* ¶ 65.05 (2d ed. rev. 1988); 11 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil* § 2951, at 498-499 (1973). The Supreme Court of the United States has made clear that "[e]x parte temporary restraining orders are no doubt necessary in certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose*

*Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974) (citations omitted).

A temporary restraining order may be granted "without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required." FED.R.CIV.P. 65(b). In addition to the factors described in Rule 65(b), a court may consider the probability that the requesting party will prevail on the merits and the balance of harms. *Coca-Cola Company v. Alma-Leo U.S.A., Inc.*, 719 F. Supp. 725, 727 (N.D. Ill. 1989) (citing *Roland Machinery Co. v. Dresser Industries, Inc.*, 749 F.2d 380 (7th Cir. 1984)); 11 Wright & Miller, *supra*, § 2951, at 507-08.

A party seeking a preliminary injunction bears the burden of showing (1) that the movant will suffer irreparable harm absent the preliminary injunction; (2) that the harm the movant will suffer absent injunctive relief is greater than the harm the defendant will suffer as a result of the injunctive relief; (3) a reasonable likelihood of success on the merits; and (4) that the injunction will not harm the public interest. *Kinney v. Pioneer Press*, 881 F.2d 485, 490 n.3 (7th Cir. 1989); *A. J. Canfield Co. v. Vess Beverages, Inc.*, 796 F.2d 903, 906 (7th Cir. 1986); *Roland Machinery Co. v. Dresser Industries, Inc.*, 749 F.2d 380, 386-87 (7th Cir. 1984); *Syntex Opthalmics, Inc. v. Tsuetaki*, 701 F.2d 677, 681 (7th Cir. 1983).

If the movant has an adequate remedy at law, an injunction is improper. *Computer Care v. Service Systems Enterprises, Inc.*, 982 F.2d 1063, 1067 n.2 (7th Cir. 1992); *United States v. Rural*

*Elec. Convenience Co-op Co.*, 922 F.2d 429, 432 (7th Cir. 1991). Depending upon the severity of harm a plaintiff will suffer if the injunction does not issue, the plaintiff may not be required to demonstrate a high probability of success on the merits of his claim; it may suffice that the plaintiff's chances are better than negligible. *Ping v. National Educ. Ass'n*, 870 F.2d 1369, 1371 (7th Cir. 1989); *Roland Machinery Co.*, 749 F.2d at 387; *Omega Satellite Products Co. v. City of Indianapolis*, 694 F.2d 119, 123 (7th Cir. 1982). The more heavily the balance of harm weighs in the plaintiff's favor, the lower the likelihood for succeeding on the merits need be. *Thornton v. Barnes*, 890 F.2d 1380, 1384 (7th Cir. 1989); *Brunswick Corp. v. Jones*, 784 F.2d 271, 275 (7th Cir. 1986). If the plaintiff makes the necessary showings, the determination of whether injunctive relief should be granted rests within the court's discretion. *Lawson Products, Inc. v. Avnet, Inc.*, 782 F.2d 1429 (7th Cir. 1986). *See also Computer Care*, 982 F.2d at 1067.

   Mr. Lamb continues to allege that his placement on parole on March 16, 2006 will be in error because all of his time will have been served. Additionally, he adds that once placed on parole he is in danger because his ex-wife has a hit out on him and he would like to live in Ohio. This court's previous order explained that the earned credit time Mr. Lamb has acquired is only applied to determine when he will be released to parole, but does not reduce his sentence, nor does it count towards the amount of time he must serve on parole. *See Indiana Department of Corrections v. Bogus*, 754 N.E.2d 27, 31 (Ind. Ct. App. 2001). Mr. Lamb's claim that the imposition of parole is a violation of his rights was without merit, and the petition was dismissed. Additionally, Mr. Lamb is concerned for his safety once released because he alleges that someone is trying to kill him.

   Mr. Lamb's motion in this case fails to demonstrate a proper basis for the issuance of a temporary restraining order or preliminary injunction. Mr. Lamb seeks an order of this court to

prevent the state of Indiana from placing him on parole once he is released. The court finds that Mr. Lamb has not proven that an emergency exists justifying the issuance of a temporary restraining order, or that he would suffer irreparable harm if a preliminary injunction is not issued. Mr. Lamb is able to inform the authorities of any threat against him. He also has not satisfied the court that there is a reasonable likelihood of his success on the merits.  Mr. Lamb is not seeking to protect the status quo, but seeking relief from an event that has not yet happened.  The court denies the motion.

Accordingly, for the reasons stated, the petition is DISMISSED.

SO ORDERED on February 15, 2006

                                                  s/Allen Sharp
                                            THE HONORABLE ALLEN SHARP
                                            JUDGE, UNITED STATES DISTRICT COURT